| | |
|---|---|
| 1 | ROB BONTA |
| | Attorney General of California |
| 2 | MARK R. BECKINGTON |
| | Supervising Deputy Attorney General |
| 3 | ROBERT L. MEYERHOFF |
| | Deputy Attorney General |
| 4 | State Bar No. 298196 |
| | KIANA S. HEROLD |
| 5 | Deputy Attorney General |
| | State Bar No. 349058 |
| 6 | 455 Golden Gate Avenue, Suite 11000 |
| | San Francisco, CA 94102-7004 |
| 7 | Telephone: (415) 229-0127 |
| | Fax: (415) 703-5480 |
| 8 | E-mail: Kiana.Herold@doj.ca.gov |
| | *Attorneys for Defendants California Governor* |
| 9 | *Gavin Newsom and Secretary of State Shirley* |
| | *Weber* |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MITCH NOYES, et al.,** | 2:25-cv-11480-JLS-PVC |
| Plaintiffs, | **DEFENDANTS' EX PARTE APPLICATION FOR A STAY PENDING THE RESOLUTION OF THE MOTIONS FOR PRELIMINARY INJUNCTION IN *TANGIPA V. NEWSOM*, OR, IN THE ALTERNATIVE, A STATUS CONFERENCE BEFORE JANUARY 14, 2026** |
| v. | |
| **GAVIN NEWSOM, in his official capacity as Governor of California, et al.;** | |
| Defendants. | |

1

**DEFENDANTS' EX PARTE APPLICATION FOR A STAY OF THE CASE PENDING THE RESOLUTION OF THE MOTIONS FOR PRELIMINARY INJUNCTION IN *TANGIPA V. NEWSOM***

Defendants Gavin Newsom, in his official capacity as Governor of California, and Shirley Weber, in her official capacity as Secretary of State of California (collectively, Defendants) respectfully apply ex parte under Local Rule 7-19 for an order staying the case until the final resolution of the pending motions for preliminary injunction in *Tangipa v. Newsom*, No. 2:25-cv-10616-JLS-WLH-KKL—either until the district court in *Tangipa* issues its order on the pending motions for preliminary injunction and the time to appeal has expired, or until the United States Supreme Court issues its order after the motions for preliminary injunction pending in *Tangipa* have been appealed. Good cause exists to hear this application ex parte because Plaintiffs have filed a motion for preliminary injunction on minimum notice, and insufficient time exists to brief and hear a noticed stay motion before Defendants' current deadline to oppose Plaintiffs' preliminary injunction motion (January 14, 2026), or the current hearing date for Plaintiffs' motion (February 4, 2026).

In the alternative, if the Court does not order a stay, Defendants request that the Court schedule a status conference as soon as possible, and before January 14, 2026—Defendants' current opposition deadline—to discuss setting a new hearing date and briefing schedule for Plaintiffs' motion for preliminary injunction, filed January 7, 2026 (dkt. 37).

On January 8 and 9, 2026, counsel for Defendants conferred with Plaintiffs' counsel, who have indicated that Plaintiffs oppose the instant ex parte application and will file an opposition.

Per the Judge's Procedures for ex parte applications, any opposition to this application "must be filed no later than 24 hours after service."

/ / / /

/ / / /

1 | This ex parte application is based upon this application, the memorandum of points and authorities herein, the declaration re notice, the pleadings and papers on file and any filings that may be subject to judicial notice.

Dated: January 9, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

/s/ Kiana S. Herold
KIANA S. HEROLD
Deputy Attorney General
*Attorneys for Defendants California Governor Gavin Newsom and Secretary of State Shirley Weber*

## MEMORANDUM OF POINTS AND AUTHORITIES

On December 2, 2025, Plaintiffs filed their Complaint for Declaratory, Injunctive, or Other Relief (Complaint) (dkt. 1), and a notice of related case (dkt. 6), stating that the instant action is related to another action within this district, namely *Tangipa v. Newsom*, No. 2:25-cv-10616-JLS-WLH-KKL, filed November 5, 2025. In the notice of related action, Plaintiffs state, and Defendants agree, that the Court's "core task in both cases is identical." *See* dkt. 6. As Plaintiffs state, both cases challenge the constitutionality and legality of California's Congressional redistricting map adopted through Proposition 50 under the Fifteenth Amendment to the United States Constitution and the Voting Rights Act. *See id.*; *see also* Complaint at ¶¶ 53-61; *Tangipa* dkt. 1 at ¶¶ 112-126.[1] Plaintiffs seek a declaration that Proposition 50's map violates the Fifteenth Amendment and the Voting Rights Act and an order enjoining enforcement of the map, along with attorneys' fees and costs. *See* Complaint at pp. 16-17. The *Tangipa* plaintiffs seek identical relief, except additionally requesting an order declaring that Proposition 50's map violates the Fourteenth Amendment. *See Tangipa* dkt. 1 at p. 24.[2]

On January 8, 2026, this Court entered an order finding this case is related to *Tangipa* and transferred it to that Court's docket. Dkt. 39. In the Order re Transfer, this Court found that the present case and *Tangipa* "[a]rise from the same or closely related transactions, happenings or events; or [c]all for determination of the same or substantially related or similar questions of law and fact; or [f]or other reasons would entail substantial duplication of labor if heard by different judges." *Id.*

---

[1] The Court may take judicial notice of the documents in the *Tangipa* file cited herein. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

[2] The *Tangipa* plaintiffs and intervenor-plaintiff United States of America also bring claims pursuant to the Fourteenth Amendment. *See Tangipa* Complaint at pgs. 19-24; *Tangipa* dkt. 42 at pgs. 15-17. Defendants address the proper standard for evaluating the *Tangipa* plaintiffs' and intervenor-plaintiff's claims in the opposition to the motion for preliminary injunction in that case. *See Tangipa* dkt. 113. Accordingly, Defendants will not discuss this at length here, beyond noting the differing framing of the claims does not substantively change the legal analysis between the cases.

4

In *Tangipa*, a three-judge court was convened pursuant to 28 U.S.C. § 2284(a), and an evidentiary hearing was conducted from December 15 to December 17, 2025, on two motions for preliminary injunction, one filed by plaintiffs and another by plaintiff-intervenor the United States of America. *See Tangipa* dkts. 15, 29, 36. The three-judge court has taken the *Tangipa* motions for preliminary injunction under submission. *See Tangipa* dkts. 179-180, 183. Plaintiffs have requested a three-judge court in the instant action, and that request is pending. *See* dkts. 30, 35.

Because the same legal issues are at the crux of *Tangipa* and the instant case, the instant case should be stayed until the final resolution of the motions for preliminary injunction in *Tangipa* in order to conserve judicial resources, and avoid any potential confusion or inconsistent rulings in this action. The requested stay is narrow—either until the district court in *Tangipa* issues its order on the pending motions for preliminary injunction and the time to appeal has expired, or until the United States Supreme Court issues its order after the motions for preliminary injunction pending in *Tangipa* have been appealed.

The Court has the inherent power to manage its docket, including the discretion to stay a case. The Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Where, as here, a related pending case bears on the case at hand, courts may order a stay in the interest of judicial efficiency and fairness to the parties. *See Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). In evaluating whether a stay is appropriate, courts weigh the competing interests, including the hardship to a party in being required to go forward, any potential

damage from granting a stay, and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Here, all factors weigh in favor of granting a stay.

First, the questions of law in the instant case will be decisively resolved by the resolution of *Tangipa*. Pursuant to 28 U.S.C. § 1253, the forthcoming order on the two pending motions for preliminary injunction in *Tangipa* are immediately appealable to the United States Supreme Court. Awaiting "a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good [reason], if not an excellent one" for granting a stay. *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). Further, because the ruling on the *Tangipa* motions is immediately appealable to the Supreme Court, the proposed stay of the instant case is cabined to a limited, discrete period. In other words, "it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864.

Second, a stay will serve the interests of judicial efficiency, foreclose the possibility of inconsistent judgments between the *Tangipa* three-judge court and any judgments in the instant case, and promote the expeditious resolution of the action to the benefit of all parties. Plaintiffs will suffer no damage—and indeed will benefit—from a stay, because this action will resolve more rapidly and efficiently if *Tangipa* moves forward to final resolution. This is because the *Tangipa* parties have already briefed oppositions to and replies supporting the preliminary injunction motions; developed corresponding expert evidence concerning complex, fact-intensive, and novel legal issues; and presented that evidence to the Court, which will in turn decide whether the same relief requested here is warranted. *See Tangipa* dkts. 111-116, 140-143. Plaintiffs will further benefit from waiting for a ruling regarding that requested relief because doing so will avoid the possibility of

inconsistent rulings in the instant case. And because Plaintiffs seek the same relief as the plaintiffs in *Tangipa*, the resolution of *Tangipa* will likely moot Plaintiffs' claims for declaratory and injunctive relief, leaving only their claims for attorneys' fees and costs, which could then be resolved forthwith. Moreover, to the extent Plaintiffs suffer any injury at all (which they do not), such injury would be a result of their delay: Plaintiffs waited nearly a month after the voters approved Proposition 50 to file their suit and a month after that filing to bring this preliminary injunction motion.

While Defendants strongly contend that a stay is appropriate under the circumstances, if the Court does not order a stay, Defendants respectfully request that a status conference be set as soon as possible, before Defendants' opposition is due, to discuss setting a new hearing date and briefing schedule for Plaintiffs' motion for preliminary injunction. Plaintiffs filed the motion on January 7, 2026, with a hearing scheduled for February 4, 2026. The current briefing schedule requires Defendants to file their memorandum in opposition by January 14, 2026—an untenably abbreviated timeline to respond to Plaintiffs' complex and fact-intensive claims and arguments, and retain an expert to evaluate Plaintiffs' expert evidence and prepare a report on Defendants' behalf.[3]

On January 8, 2026, counsel for Defendants notified Plaintiffs' counsel via email that Defendants would be filing the instant ex parte application, and asked if counsel would stipulate to a stay of the proceedings. Beckington Decl. at ¶ 3. On January 9, 2026, Plaintiffs' counsel indicated they opposed the instant ex parte

---

[3] The current schedule is considerably more rushed than the schedule entered in other redistricting cases. In *Tangipa*, the court ultimately extended an initially shorter briefing schedule on plaintiffs' motion for preliminary injunction to allow defendants to file their memorandum in opposition 26 days after plaintiffs filed their motion, and 20 days after plaintiff-intervenors filed their motion. *See Tangipa* dkts. 15, 16, 17, 29, 33, 81, 111-116. In the litigation concerning Texas's 2025 congressional map, the State defendants were allotted over four weeks to respond to the first-filed preliminary injunction motion, with approximately six weeks between the filing of the preliminary injunction motion and the hearing. *See League of United Latin American Citizens et al. v. Abbott et al.*, Case No. 21-0259 (W.D. Tex.), dkt. 1133, 1146, 1161.

7

motion and would not stipulate to a stay. *Id.* at ¶ 4. Counsel for Plaintiffs with whom counsel for Defendants corresponded regarding this request are:

| | |
|---|---|
| Bradley A. Benbrook<br>Stephen Michael Duvernay<br>Benbrook Law Group, PC<br>1301 Dove Street, Fifth Floor<br>Newport Beach, CA 92660<br>Phone: (916) 447-4900<br>E-mail: Brad@benbrooklawgroup.com<br>E-mail: Steve@benbrooklawgroup.com | Joseph M. Nixon<br>John Christian Adams<br>Carolyn Valdes<br>Public Interest Legal Foundation<br>107 S. West Street<br>Alexandria, VA 22413<br>Phone: (703) 745-5870<br>E-mail: Jnixon@publicinterestlegal.org<br>E-mail: Adams@publicinterestlegal.org<br>E-mail: Cvaldes@publicinterestlegal.org |

On January 9, 2026, counsel for Defendants conferred via conference call with Plaintiffs' counsel concerning this ex parte application. *See* Beckington Decl. at ¶¶ 6-7. Plaintiffs' counsel indicated they opposed the request for a stay but would not oppose a status conference. Counsels' reasons for opposing the stay and Defendants' response are set forth in the accompanying declaration of Mark R. Beckington. *See* Beckington Decl. at ¶¶ 6-8. The fact remains that it is in the interests of the Court and all parties to stay this action until after the preliminary injunction motion in *Tangipa* is fully resolved.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue an order granting their request for a stay of the case until the resolution of the motions for preliminary injunction in *Tangipa v. Newsom*, No. 2:25-cv-10616-JLS-WLH-KKL—either until the district court in *Tangipa* issues its order on the pending motions for preliminary injunction and the time to appeal has expired, or until the United States Supreme Court issues its order after the motions for preliminary injunction pending in *Tangipa* have been appealed. In the alternative, and in the absence of a stay, Defendants respectfully request that the Court set a

1  status conference before Defendants' current deadline to respond to Plaintiffs'
2  preliminary injunction motion in the instant case (January 14, 2026) to address the
3  hearing date and briefing schedule on Plaintiffs' motion for preliminary injunction.

Dated: January 8, 2026         Respectfully submitted,

                                        ROB BONTA
                                      Attorney General of California
                                      MARK R. BECKINGTON
                                      Supervising Deputy Attorney General

                                      /s/ Kiana S. Herold
                                      KIANA S. HEROLD
                                      Deputy Attorney General
                                      *Attorneys for Defendants California Governor Gavin Newsom and Secretary of State Shirley Weber*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Noyes, Mitch v. Gavin Newsom, et al.** | Case No. | **2:25-cv-11480-JLS-PVC** |

I hereby certify that on <u>January 9, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' EX PARTE APPLICATION FOR A STAY PENDING THE RESOLUTION OF THE MOTIONS FOR PRELIMINARY INJUNCTION IN *TANGIPA V. NEWSOM*, OR, IN THE ALTERNATIVE, A STATUS CONFERENCE BEFORE JANUARY 14, 2026**

I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct, and that this declaration was executed on <u>January 9, 2026</u>, at Los Angeles, California.

| | |
|---|---|
| Anthony Conklin | *Anthony Conklin* |
| Declarant | Signature |

SA2025306823
68181661.docx