# Exhibit B

Lalitha D. Madduri (CA Bar No. 301236)
lmadduri@elias.law
Christopher D. Dodge* (DC Bar No. 90011587)
cdodge@elias.law
Max Accardi* (DC Bar No. 90021259)
maccardi@elias.law
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
F: (202) 968-4498

Abha Khanna* (WA Bar No. 42612)
akhanna@elias.law
Tyler L. Bishop (CA Bar No. 337546)
tbishop@elias.law
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180

Omar Qureshi (CA Bar No. 323493)
omar@qureshi.law
Max Schoening (CA Bar No. 324643)
max@qureshi.law
**QURESHI LAW PC**
700 Flower Street, Suite 1000
Los Angeles, CA 90017
T: (213) 600-6096
F: (213) 277-8989

*Counsel for Proposed Intervenor-Defendant DCCC*

* *Pro hac vice application forthcoming*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MITCH NOYES, HOLDEN LOMELI, and ANTHONY MCBROOM,,

Plaintiffs,

v.

GAVIN NEWSOM, in his official capacity as the Governor of California; SHIRLEY WEBER, in her official capacity as California Secretary of State,

Defendants.

Case No: 2:25-cv-11480

**DCCC'S PROPOSED ANSWER**

Proposed Intervenor-Defendant the Democratic Congressional Campaign Committee ("DCCC" or "Intervenor-Defendant"), by and through its attorneys, for its Answer to Plaintiffs' Complaint, denies each and every allegation of the Complaint not specifically admitted herein, and further answer as follows:

The paragraph before the first numbered paragraph of the Complaint constitute introductory material to which no response is required. To that extent any response is required, DCCC incorporates by reference the below paragraphs as its response, denies the allegations, and denies that Plaintiffs are entitled to the requested relief in this action.

**INTRODUCTION**

1. DCCC denies the allegations of Paragraph 1.

2. DCCC denies the allegations of Paragraph 2.

3. DCCC admits that Paragraph 3 accurately quotes the Fifteenth Amendment of the U.S. Constitution. DCCC denies that Prop 50 violates the Fifteenth Amendment.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies the allegations.

5. Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that Paragraph 5 accurately quotes portions of various authorities, refers to those authorities for their full and complete contents, and otherwise denies the allegations in Paragraph 5.

6. Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations that Plaintiffs are California residents and voters, and therefore denies them. DCCC further denies that Plaintiffs are injured by the Prop 50 map or entitled to the requested relief or any other relief.

## JURISDICTION AND VENUE

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that Plaintiffs purport to assert violations of federal law. DCCC otherwise denies the allegations of Paragraph 7.

8. Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies that Plaintiffs are entitled to declaratory relief.

9. Paragraph 9 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that a substantial part of the events giving rise to Prop 50 occurred in California.

10. Paragraph 10 contains Plaintiffs' request for a three-judge panel, to which no response is required.

## PARTIES

11. DCCC denies that any Plaintiff was assigned to a "district drawn with racial intent." In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 11, and therefore denies them.

12. DCCC denies that any Plaintiff was assigned to a "district drawn with racial intent." In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 12, and therefore denies them.

13. DCCC denies that any Plaintiff was assigned to a "district drawn with racial intent." In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 13, and therefore denies them.

14. DCCC admits that Defendant Gavin Newsom is a party to this litigation in his official capacity. Paragraph 14 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that Paragraph 14 accurately quotes portions

of various authorities, refers to those authorities for their full and complete contents, and otherwise denies the allegations in Paragraph 14.

15. Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that Defendant Shirley Weber is a party to this litigation in her official capacity.

**STANDING**

16. Paragraph 16 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that Paragraph 16 accurately quotes portions of various authorities, refers to those authorities for their full and complete contents, and otherwise denies the related allegations in Paragraph 16. DCCC further denies that Proposition 50 is in any way unlawful and further denies that Plaintiffs have suffered any constitutional injury. DCCC also lacks sufficient information to form a belief about the truth or falsity of Paragraph 16's allegations about Plaintiffs' voting habits, and therefore denies them.

17. Paragraph 17 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that Paragraph 16 accurately quotes portions of various authorities, refers to those authorities for their full and complete contents, and otherwise denies the related allegations in Paragraph 16. DCCC further denies that Proposition 50 is in any way unlawful and denies that Plaintiffs have suffered any constitutional injury.

**FACTUAL AND LEGAL ALLEGATIONS**

**<u>Response to "Propositions 50's Enactment"</u>**

18. Paragraph 18 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that Paragraph 18 accurately quotes portions of various authorities, refers to those authorities for their full and complete contents, and otherwise denies the allegations in Paragraph 18.

19. DCCC admits that California's Independent Citizens Redistricting Commission adopted a redistricting map in 2021.

20. DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 20, and therefore denies them.

21. DCCC admits that the congressional map approved by the California Legislature and California voters was drafted in part by Paul Mitchell of Redistricting Partners.

22. Paragraph 22 purports to quote comments by Paul Mitchell at an appearance on "the Capitol Weekly Podcast." DCCC refers to this alleged podcast appearance for its full and complete contents, and denies anything inconsistent therewith. DCCC further denies that "Paul Mitchell admitted to drawing district lines with intentional racial goals."

23. DCCC admits on information and belief that Governor Newsom announced a legislative package consisting of ACA 8, AB 604, and SB 280 in August 2025. DCCC refers to those pieces of legislation for their full and complete contents, and otherwise denies the allegations of Paragraph 23.

24. DCCC admits on information and belief that the California legislature debated the legislative package that became Proposition 50 between August 18 and August 21, 2025. DCCC otherwise lacks sufficient information to form a belief about the allegations of Paragraph 24, and therefore denies them.

25. DCCC admits that California voters resoundingly passed Proposition 50 in the November 2025 special election.

**Response to "Race Based Redistricting Lines"[1]**

---

[1] Some of the headings in Plaintiffs' complaint are argumentative. Although DCCC is not obligated to respond to these headings, *see* Fed. R. Civ. P. 8(b), to the extent a response is required, DCCC incorporates by reference its responses to the allegations in the numbered paragraphs of Plaintiffs' complaint, denies that DCCC or Defendants committed any unlawful act, and denies that Plaintiffs are entitled to any of the relief they seek.

26. DCCC admits that Proposition 50 will likely reduce the number of Republicans in California's congressional delegation. DCCC denies that Proposition 50's "district lines were drawn with racial goals and using racial means." DCCC further denies that preserving "California's 16 Hispanic majority districts" was the predominant purpose of the Proposition 50 map.

27. DCCC denies that the predominant purpose of the Proposition 50 map or any district therein was racial in nature.

28. Paragraph 28 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that Paragraph 28 accurately quotes portions of various authorities, refers to those authorities for their full and complete contents, and otherwise denies the allegations in Paragraph 28.

29. Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that Paragraph 29 accurately quotes portions of various authorities, refers to those authorities for their full and complete contents, and denies that Proposition 50 violates the Fifteenth Amendment.

30. Paragraph 30 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that Paragraph 30 accurately quotes portions of various authorities, refers to those authorities for their full and complete contents, and denies that Proposition 50 violates the Fifteenth Amendment.

31. Paragraph 31 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that Paragraph 31 accurately quotes portions of various authorities, refers to those authorities for their full and complete contents, and denies that Proposition 50 violates the Fifteenth Amendment.

32. Paragraph 32 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies that Proposition 50 violates the Fifteenth Amendment.

***Response to: "I. Evidence of Racial Intent: Passing the Hispanic Population Between Districts"***

33. On information and belief, DCCC denies the allegations of Paragraph 33.

34. Paragraph 34 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies that Proposition 50 violates the Fifteenth Amendment.

35. DCCC lacks sufficient information to form a belief about the allegations of Paragraph 35, and therefore denies them.

36. DCCC lacks sufficient information to form a belief about the allegations of Paragraph 36, and therefore denies them.

37. DCCC lacks sufficient information to form a belief about the allegations of Paragraph 37, and therefore denies them.

***Response to: "II. Evidence of Racial Intent: Replacing District 42 with District 41"***

38. DCCC lacks sufficient information to form a belief about the allegations of Paragraph 38, and therefore denies them.

39. DCCC lacks sufficient information to form a belief about the allegations of Paragraph 39, and therefore denies them.

40. DCCC lacks sufficient information to form a belief about the allegations of Paragraph 40, and therefore denies them.

41. DCCC lacks sufficient information to form a belief about the allegations of Paragraph 41, and therefore denies them.

42. DCCC lacks sufficient information to form a belief about the allegations of Paragraph 42, and therefore denies them.

43. DCCC lacks sufficient information to form a belief about the allegations of Paragraph 43, and therefore denies them.

***Response to: "III. Evidence of Racial Intent: Deliberately Preserving Two Black Influence Districts"***

44. DCCC lacks sufficient information to form a belief about the allegations of Paragraph 44, and therefore denies them.

45. . DCCC lacks sufficient information to form a belief about the allegations of Paragraph 45, and therefore denies them.

46. DCCC lacks sufficient information to form a belief about the allegations of Paragraph 46, and therefore denies them.

47. DCCC lacks sufficient information to form a belief about the allegations of Paragraph 47, and therefore denies them.

48. DCCC lacks sufficient information to form a belief about the allegations of Paragraph 48, and therefore denies them.

49. DCCC lacks sufficient information to form a belief about the allegations of Paragraph 49, and therefore denies them.

50. DCCC lacks sufficient information to form a belief about the allegations of Paragraph 50, and therefore denies them.

51. DCCC lacks sufficient information to form a belief about the allegations of Paragraph 51, and therefore denies them.

52. DCCC lacks sufficient information to form a belief about the allegations of Paragraph 52, and therefore denies them.

## CLAIMS FOR RELIEF

### COUNT I. Violation of the Fifteenth Amendment

53. Paragraph 53 purports to reallege and incorporate by reference all prior paragraphs of the Complaint. DCCC therefore incorporates by reference its responses to each preceding paragraph.

54. Paragraph 54 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies the allegations of Paragraph 54.

55. Paragraph 55 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies the allegations of Paragraph 55.

56. Paragraph 56 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies the allegations of Paragraph 56.

**COUNT II. Violation of Section 2(a) of the Voting Rights Act**

57. Paragraph 57 purports to reallege and incorporate by reference all prior paragraphs of the Complaint. DCCC therefore incorporates by reference its responses to each preceding paragraph.

58. Paragraph 58 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that Paragraph 58 accurately quotes portions of various authorities, refers to those authorities for their full and complete contents, and otherwise denies the allegations in Paragraph 58.

59. Paragraph 59 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that Paragraph 59 accurately quotes portions of various authorities, refers to those authorities for their full and complete contents, and otherwise denies the allegations in Paragraph 59.

60. DCCC denies the allegations of Paragraph 60.

61. DCCC denies the allegations of Paragraph 61.

## PRAYER FOR RELIEF

The remainder of the Complaint is Plaintiffs' requested relief, to which no response is required. To the extent a response is required, DCCC denies that Plaintiffs are entitled to the requested relief or any other relief.

## GENERAL DENIAL

DCCC denies every allegation in the Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred because Plaintiffs lack Article III standing.

2. Plaintiffs have failed to state a claim upon which relief can be granted.

3. Plaintiffs' claims are barred because they seek relief inconsistent with federal and state law.

4. Plaintiffs have waived the right to bring some or all of their claims.

5. Plaintiffs have failed to show that they are entitled to any relief in equity.

6. DCCC reserves the right to amend this Answer at a later time, and to move to dismiss some or all of Plaintiffs' claims.

## DCCC'S REQUEST FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' Complaint, DCCC prays for judgment as follows:

A. That the Court dismiss Plaintiffs' Complaint;

B. That judgment be entered in favor of DCCC and against Plaintiffs and that Plaintiffs take nothing thereby;

C. That DCCC be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Dated: January 27, 2026

Respectfully submitted,

/s/ Lalitha D. Madduri
Lalitha D. Madduri (CA Bar No. 301236)
Christopher D. Dodge* (DC Bar No. 90011587)
Max Accardi* (DC Bar No. 90021259)
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
F: (202) 968-4498
lmadduri@elias.law
cdodge@elias.law
maccardi@elias.law

Abha Khanna* (WA Bar No. 42612)
Tyler L. Bishop (CA Bar No. 337546)
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
akhanna@elias.law
tbishop@elias.law

Omar Qureshi (CA Bar No. 323493)
Max Schoening (CA Bar No. 324643)
**QURESHI LAW PC**
700 Flower Street, Suite 1000
Los Angeles, CA 90017
T: (213) 600-6096
omar@qureshi.law
max@qureshi.law

*Counsel for Proposed Intervenor-Defendant DCCC*

* *Pro hac vice application forthcoming*