JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

DAVID TANGIPA, *et al.*,

                      Plaintiffs,

     v.

GAVIN NEWSOM, in his official capacity
as the Governor of California, *et al.*,

                      Defendants.

MITCH NOYES, *et al.*,

                      Plaintiffs,

     v.

GAVIN NEWSOM, in his official capacity
as the Governor of California, *et al.*,

                      Defendants.

2:25-cv-10616-JLS-WLH-KKL
2:25-cv-11480-JLS-WLH-KKL

**ORDER CONSOLIDATING CASES**

Pending before the Court are *Tangipa v. Newsom*, No. 2:25-cv-10616 and *Noyes v. Newsom*, No. 2:25-cv-11480.  On February 17, 2026 this Court issued an Order to Show Cause as to why these two cases should not be consolidated for all future proceedings.  All parties timely responded.  Having reviewed the Parties' filings, the Court concludes that these cases should be consolidated.

## I.     BACKGROUND

On November 4, 2025, California voters passed Proposition 50, which enacted an amendment to the California Constitution adopting a map with new congressional district lines likely to flip five congressional seats from Republican to Democrat.  The Plaintiffs in both of these cases include registered California voters, and the Plaintiffs in *Tangipa* additionally include members of the California Legislature, prospective congressional candidates, and the California Republican Party.  Defendants in both cases are California Governor Gavin Newsom and California Secretary of State Shirley Weber.  Plaintiffs challenge the constitutionality of California's congressional redistricting plan adopted through Proposition 50.

On November 5, 2025, the *Tangipa* Plaintiffs filed a complaint alleging that "the California Legislature violated the Fourteenth and Fifteenth Amendments to the Constitution when it drew new congressional district lines based on race, specifically to favor Hispanic voters, without cause or evidence to justify it." (*Tangipa* Compl. ¶ 1, Doc. 1, No. 2:25-cv-10616.)  The United States intervened as a Plaintiff, and filed an Intervenor-Complaint alleging that the California Legislature violated the Fourteenth Amendment and § 2 of the Voting Rights Act ("VRA") by drawing a map that "unlawfully discriminated on the basis of race." (*Tangipa* Intervenor Compl. at 1, Doc. 24, No. 2:25-cv-10616.)  The Democratic Congressional Campaign Committee ("DCCC") and the League of United Latin American Citizens ("LULAC") intervened as Defendants in *Tangipa*.

2

On December 2, 2025, the *Noyes* Plaintiffs filed a complaint alleging that "California's 2025 congressional map unconstitutionally draws racial districts in violation of Plaintiffs' civil rights protected by the Fifteenth Amendment to the United States Constitution . . . and Section 2(a) of the Voting Rights Act of 1965." (*Noyes* Compl. ¶ 2, Doc. 1, No. 2:25-cv-11480; *see also Noyes* FAC ¶ 2, Doc. 54.)  The same day, the *Noyes* Plaintiffs filed a "Notice of Related Case" stating that:

> Both cases challenge the constitutionality and legality of California's new Congressional redistricting plan (adopted through Proposition 50).  The *Tangipa* Plaintiffs, along with the United States as Plaintiff-Intervenor, challenge the Proposition 50 map under the Fifteenth Amendment to the United States Constitution and the Voting Rights Act, just as the Plaintiffs in *Noyes* have done.  These cases therefore 'arise from the same … happening or event,' and 'call for determination of the same or substantially related … questions of law and fact': The Court's core task in both cases is identical.

(*Noyes* Not. of Related Case, Doc. 6, No. 2:25-cv-11480.)  On January 12, 2026, the Court stayed the proceedings in *Noyes* pending the resolution of the Motion for a Preliminary Injunction in *Tangipa*, as well as the resolution of any pending appeal. (Doc. 44, No. 2:25-cv-11480.)  On January 27, 2026, DCCC filed a Motion to Intervene in *Noyes*. (Doc. 47, No. 2:25-cv-11480.)  On February 27, 2026, the *Noyes* Plaintiffs filed their First Amended Complaint ("FAC"), again bringing claims for violation of the Fifteenth Amendment and § 2 of the VRA.  (*Noyes* FAC, Doc. 54, No. 2:25-cv-11480.)

After a 3-day evidentiary hearing, the Court denied the *Tangipa* Plaintiffs' Motion for a Preliminary Injunction on January 16, 2026.  On February 4, 2026, the Supreme Court denied the *Tangipa* Plaintiffs' request for a writ of injunction pending appeal. (Doc. 224, No. 2:25-cv-10616.)  *Tangipa* Defendants and Defendant-Intervenor DCCC subsequently filed Motions to Dismiss. (Docs. 225, 226, No. 2:25-cv-10616.)  On February 17, 2026, the Court issued an Order to Show Cause as to why the *Tangipa* and *Noyes* cases should not be consolidated. (Doc. 230, No. 2:25-cv-10616; Doc. 52, No.

3

2:25-cv-11480.)  The Court's Order stayed all proceedings until the Court ruled on consolidation.  All parties timely responded to the Court's Order to Show Cause.

## II.    ANALYSIS

Under Rule 42(a), the Court may consolidate actions if they involve a "common question of law or fact."  Fed. R. Civ. P. 42(a).  District courts possess "substantial discretion in determining whether and to what extent to consolidate cases."  *Hall v. Hall*, 584 U.S. 59, 77 (2018); *see also Invs. Rsch. Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).  District courts "may consolidate cases *sua sponte*."  *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).  In doing so, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."  *Huene v. United States*, 743 F.2d 704, 304 (9th Cir. 1984).  Even after consolidation, "constituent cases retain their separate identities, at least to the extent that a final decision in one is immediately appealable by the losing party."  *Hall*, 584 U.S. at 77.

In response to the Court's OSC, only the *Noyes* Plaintiffs oppose consolidation, but "concede that consolidation may be appropriate."  (*Noyes* Pls. Response to OSC at 2, Doc. 53.)  The remaining parties do not oppose consolidation, though several parties suggest various caveats regarding the stay and pending motions.

The Court finds that consolidation is appropriate because there is little dispute that the *Noyes* and *Tangipa* actions contain common questions of law and fact.  "Both cases challenge the constitutionality and legality of California's new Congressional redistricting plan (adopted through Proposition 50)."  (*Noyes* Not. of Related Case at 2.)  The *Tangipa* action bring claims for violations of the Fourteenth and Fifteenth Amendments (*see Tangipa* Compl.), and the United States' complaint brings an additional claim for violation of § 2 the VRA (*Tangipa* Intervenor Compl.).  The *Noyes* FAC brings a claim for violation of the Fifteenth Amendment, as well as violation of § 2 of the VRA.  (*Noyes* FAC.)  Given

that the cases present identical claims arising from the same event, the "the Court's core task in both cases is identical." (*Noyes* Not. of Related Case at 2.)

The *Noyes* Plaintiffs' opposition argues that their case emphasizes the Fifteenth Amendment claim. By contrast, the *Tangipa* complaint combines the Fourteenth and Fifteenth Amendment violations into a single claim and therefore "only nominally presents a Fifteenth Amendment claim that has been downplayed by its focus on a Fourteenth Amendment Claim." (*Noyes* Pls. Response to OSC at 2.) But the fact that parties may advance and prioritize different arguments in support of their common claims does not weigh against consolidation, especially when those arguments turn on common questions, for example the intent of relevant state actors. Accordingly, the *Noyes* Plaintiffs' emphasis on alleged Fifteenth Amendment violations does not counsel against consolidation.

The *Noyes* Plaintiffs also oppose consolidation because a Motion for a Preliminary Injunction has been decided and discovery has already taken place in their absence. To the extent that the Court has already ruled on issues related to discovery or the likelihood of success on the merits, it is because the *Tangipa* case was filed first; a fact that would exist whether or not the cases are consolidated.

Given that consolidating these actions is largely unopposed and would save time and effort in litigating these two claims, while causing relatively little inconvenience or burden given the early stage of this litigation, the Court finds that consolidation of these two cases is appropriate. Accordingly, the Court LIFTS THE STAY in both matters and hereby ORDERS as follows:

(1) The *Tangipa* and *Noyes* actions are consolidated, with *Tangipa v. Newsom*, No. 2:25-cv-10616 serving as the lead case. Case no. 2:25-cv-11480-JLS-WLH-KKL shall be ADMINISTRATIVELY CLOSED. Going forward, all filings should be made in the lead case only, and captioned as follows: *David Tangipa, et al. v. Gavin Newsom, et al.*

5

(2) Plaintiffs in the consolidated action shall file a single, consolidated complaint no later than **March 27, 2026**.

(3) Given that the cases are now consolidated, DCCC's pending Motion to Intervene in *Noyes* is DENIED AS MOOT.

(4) The pending Motions to Dismiss are DENIED WITHOUT PREJUDICE to refiling after the filing of the consolidated complaint.

DATED:  March 17, 2026

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

HON. KENNETH K. LEE
UNITED STATES CIRCUIT JUDGE

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE